UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 24-cv-23060-BLOOM/Elfenbein**

GERALD EDELMAN,

      Plaintiff,

v.

MSC CRUISES, S.A.

      Defendant.

_____/

<u>**ORDER ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

**THIS CAUSE** is before the Court upon Defendant MSC Cruises, S.A.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [8] ("Motion"). Plaintiff Gerald Edelman ("Plaintiff") filed a Response in Opposition to Defendant's Motion ("Response"), ECF No. [10], to which Defendant filed a Reply, ECF No. [11]. The Court has reviewed the Complaint, the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.      BACKGROUND

Plaintiff filed his Complaint against Defendant under maritime law, asserting a claim for Negligence (Count 1) and Failure to Warn (Count II). *See* ECF No. [1]. In the Complaint, Plaintiff alleges that Defendant is a cruise line company that "owned, operated, managed, maintained, and [ ] controlled the MERAVIGLIA[,]" the cruise ship Plaintiff was aboard when he suffered his injuries. ECF No. [1] at ¶¶ 7, 9. Defendant also "employed the crewmembers assigned to [the Meraviglia's] decks and public areas, including the crewmembers responsible for [keeping] the ship's decks dry and erecting safety signage[.] *Id.* at ¶ 7. "On or about September 8, 2023, [ ]

Plaintiff was walking out of the buffet area  through the only means of egress available to him near the elevators closest to the pool." *Id.* at ¶ 10. Plaintiff "slip[ped] on a clear liquid believed to be water which made the deck excessively and unreasonably slippery[,] and which was not apparent or obvious to him." *Id.* Unbeknownst to Plaintiff before his fall, the area "was made wet by passengers in wet bathing suits walking over the area [ ] while carrying drinks." *Id.* Plaintiff later confirmed the cause of his fall upon learning that "leading to the wet area where he fell, there were wet footprints [coming] from the pool." *Id.* Plaintiff was unaware that people "in wet bathing suits" were exiting the nearby pool and walking across the deck, and that the deck was "excessively and unreasonably slippery." *Id.*

Plaintiff asserts that "earlier in the cruise, [he] had complained to Defendant of the dangerous condition such that Defendant was on notice for a sufficient period of time to take action." *Id.* at ¶ 10.

Although Defendant had "a policy which mandated the erection of safety signage to warn of such a hidden dangerous condition, Defendant and its employees charged with erecting signage [ ] failed to place any sign(s) at the location of Plaintiff's fall" until shortly after the fall. *Id.* at ¶ 11. Additionally, while "[t]here were crewmember in the area at the time" of Plaintiff's fall, they "did or should have observed the dangerous condition(s) . . . but, in violation of Defendant's policies and procedures failed to take appropriate remedial measures to prevent Plaintiff's incident." *Id.* at ¶¶ 12,13. Plaintiff asserts that "[p]rior to Plaintiff's incident, Defendant had told the employees on its ship to look for slipping hazards on the deck and clean them." *Id.* at ¶ 16. According to Plaintiff, Defendant's policy of having employees look for and remove slipping hazards on its ship decks has been in place so long that it was issued as part of a May 15, 2004,

"fleet-wide housekeeping bulletin as part of [Defendant's] Standard Procedure Manual warning of the slipping hazard created by wet decks on ships." *Id.* at ¶ 16.

Plaintiff alleges that there were video cameras set up to monitor the egress from the buffet and "had Defendant reasonably monitored the subject area via those cameras, Defendant would have observed the dangerous condition" and taken "appropriate remedial measures to prevent Plaintiff's incident." *Id.* at ¶ 14.

Plaintiff alleges that Defendant was on notice of the risk-creating condition because Plaintiff's fall was not the first time a passenger had been similarly injured on one of Defendant's ships. ECF No. [1] at ¶ 15. Plaintiff alleges that "previously, other passengers on Defendant's ships have been injured in similar, if not identical manner" and references cases filed in this district and individual's names and dates of incidents. [1] *See id.*

Moreover, not only did Defendant fail to reasonably monitor the deck to ensure that liquids did not accumulate and create a hidden hazardous condition, but Plaintiff also claims that "Defendant inspected, accepted, and approved MERAVIGLIA and her deck where Plaintiff was

---

[1] Plaintiff lists the following citations and lists of names and dates as support of instances where individuals had been similarly injured:

Davis v.MSC Cruises, SA, Case No. 23-Civ-22101-Williams (S.D. Fla. 2023); *Stinnett v. MSC Cruises, SA*, Case No. 22-Civ-62332-Dimitrouleas (S.D. Fla. 2022); *Carotenuto v. MSC Cruises, SA*, Case No. 20-Civ-62273-Dimitrouleas (S.D. Fla. 2020); *Fromchuck v. MSC Cruises, SA*, Case No. 20-Civ24539-Moore (S.D. Fla. 2020); *Collinge v. MSC Cruises, SA*, Case No. 18-Civ-24935-Gayles (S.D. Fla. 2018); April 8, 2010 - Leonor Olano; November 16, 2011 - Fred Bill; February 14, 2013- Sharon Betterman; November 24, 2013 - Olga Rosales; December 11, 2013 - Michelle Parker; January 9, 2014 - Mike Shaver; April 19, 2014 - Lidia Laurita; September 14, 2014 – Martin Cohen; September 24, 2014 - Hilda Ruiz; October 25, 2014 - Beverly Michilin; March 23, 2015 - Gilma Velandia; April 12, 2015 - Aida Montaine; January 29, 2016 - Constance Dillon; March 31,2016 - Soo Ko; May 21, 2016 - Richard Rotti; November 6, 2016 - Josefa Rado-Perez; December 31, 2016 - Alina Salum; March 23, 2017 - Margaret Anne Haiser; April 1, 2017 – Deborah Armstrong - April 30, 2017 - Nardine Aziz; June 18, 2017 - Santhia Olivier; September 1, 2017 - Sylvia Bauerschmidt; October 30, 2017 - Corrine Piccinetti.

injured [ ] before the ship was placed into service," and ultimately approved the use of "excessively and unreasonably slippery" materials on that area of the deck. *Id.* at ¶¶ 18-19.

Defendant now seeks dismissal of the Complaint, contending that Plaintiff has failed to adequately allege either a negligence claim or negligent failure to warn claim. *See* ECF No. [8]. Defendant argues that both Counts fail to state a claim upon which relief may be granted because Plaintiff does not "plausibly demonstrate [Defendant] actual or constructive notice, [as] his 'conclusory allegations, [are] unsupported by any factual support or context[.]'" *Id.* at 2. (citations omitted).

Plaintiff responds that he has properly asserted a claim of negligence and negligent failure to warn based upon both actual and constructive notice. *See* ECF No. [10] at 4. Plaintiff maintains that by alleging he complained to Defendant about the dangerous condition and that crewmembers observed the dangerous condition prior to his fall, he has provided sufficient factual details to establish actual notice. *Id.* at 5. Additionally, Plaintiff contends his list of allegedly "similar, if not identical," instances of slip and falls on Defendant's ship also establishes Defendant's constructive notice of the dangerous condition. *Id.*

## II.   LEGAL STANDARD

### A.  Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

**B.  General Maritime Law**

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla.

2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro,* 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

"To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Chaparro*, 693 F.3d at 1336). The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In other words, a cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020). Thus, a cruise-ship operator's liability often "hinges on whether it knew or should have known about the dangerous condition." *Guevara*, 920 F.3d at 720.

## III.   DISCUSSION

### A.  Counts I and II: Negligence and Negligent Failure to Warn—Notice

Defendant contends that Counts I and II should be dismissed because Plaintiff fails to allege that Defendant had actual or constructive notice of the allegedly hidden, dangerous condition, i.e., the wet deck floor, that ultimately caused Plaintiff to slip and fall. ECF No. [8]. Defendant argues that to establish constructive notice, Plaintiff must either allege "(1) the hazardous condition existed for a sufficient length of time or (2) that substantially similar incidents occurred in which 'conditions substantially similar to the occurrence in question must have caused the prior accidents.'" *Id.* at 2. (quoting *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir.

2022)). For actual notice, Defendant asserts that Plaintiff must "plausibly allege that [Defendant] knew that the subject risk creating condition existed." *Id.* at 3 (citing *Holland*, 50 F.4th at 1095). According to Defendant, Plaintiff's "'general knowledge' allegations are barebones and lack factual detail to the extent that Plaintiff's Complaint could be 'interchangeably alleged against any cruise line defendant.'" *Id.* Defendant contends that Plaintiff's list of substantially similar incidents is insufficient to establish constructive notice as Plaintiff has failed to offer "a singular factual detail behind any supposedly related prior incidents, must less similar prior incidents." *Id.* at 5. Defendant further contends that Plaintiff has offered no factual support to establish that the hazardous condition existed for a sufficient period of time to impute constructive notice.

Plaintiff responds that he has sufficiently pled notice for both claims. ECF No. [10]. Plaintiff contends he has pled actual notice by alleging (1) that he "complained to Defendant of the dangerous condition such that Defendant was on notice for a sufficient period of time to take action," and (2) that "[p]rior to and/or at the time of Plaintiff's incident, the[re were] crewmembers who were standing and/or stationed within a close distance to the subject location [who] did or should have observed the dangerous condition(s)[.]" *Id.* at 5 (quoting ECF No. [1] at ¶¶ 10, 13). As for constructive notice, Plaintiff argues that his extensive list of "similar, if not identical, incidents" is sufficient to impute notice on Defendant given that courts have found "a single prior incident is sufficient to place a cruise line on notice of a dangerous condition." *Id.* (emphasis omitted).

The Court analyzes whether Plaintiff has adequately pled notice. As noted above, for Defendant to have a duty to warn or otherwise protect a passenger from danger, the cruise line must have "actual or constructive notice of the unsafe condition." *Horne v. Carnival Corp.*, 741 F. App'x 607, 608 (11th Cir. 2018) (citing *Keefe*, 867 F.2d at 1322); *Yusko v. NCL (Bahamas),*

*Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021) ("[P]assenger cannot succeed on a maritime negligence claim against a shipowner unless that shipowner had actual or constructive notice of a risk-creating condition."). Therefore, without adequately pleading notice, Plaintiff's claims fail.

      **a. Actual Notice**

The Court finds that Plaintiff has adequately pled sufficient facts to establish actual notice for both his negligence and negligent failure to warn claims. Plaintiff alleges that earlier in the cruise–and prior to his slip and fall–he informed Defendant of the dangerous condition. ECF No. [1] at ¶ 10. Accepting Plaintiff's allegation as true, there is no serious dispute that Defendant had adequate notice of the purported dangerous condition such that Defendant could have prevented the alleged slipped and fall incident from occurring. *See Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) ("Actual notice exists when the defendant knows about the dangerous condition,"); *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257, 1263 (S.D. Fla. 2022) (finding actual notice where "Plaintiff alleged that Defendant's crewmember was aware of and attempted to correct the dangerous condition"). Although Defendant argues that Plaintiff failed to demonstrate that the area of the deck he initially reported to be dangerous was the same area where he eventually fell, that argument is rebuffed by a plain reading of the Complaint. Plaintiff alleges that "earlier in the cruise, [he] "had complained to Defendant of the dangerous condition such that Defendant was on notice for a sufficient period of time to take action." ECF No. [1] at ¶ 10. Plaintiff does not allege that he notified Defendant of slippery or wet areas of all the decks aboard the ship nor does he mention wet and slippery areas in other parts of the ship. Instead, Plaintiff claims he complained of "*the dangerous condition"* that ultimately caused his injuries. *Id.* (emphasis added).

Accordingly, Plaintiff has adequately alleged that Defendant was on actual notice of the unsafe condition prior to Plaintiff's slip and fall.[2]

Moreover, although Plaintiff may not have identified which of Defendant's employees he informed of the dangerous condition, that is not necessary at the motion to dismiss stage. *See Quinones v. MSC Cruises*, S.A., No. 1:24-CV-20626, 2024 WL 3653076, at *6 (S.D. Fla. July 2, 2024) (finding that claim of notice was still sufficient notwithstanding that Plaintiff's allegations did not "allege the name, rank, position, [or] department of the crewmember" who was on notice of the allegedly dangerous condition), *report and recommendation adopted*, No. 24-20626-CV, 2024 WL 3650097 (S.D. Fla. Aug. 5, 2024). *Twombly*'s plausibility requirement does not require detailed factual assertions but simply requires that the allegation be enough to raise a right to relief beyond the speculative level. *See Twombly*, 550 U.S. at 554-555. The Court finds Plaintiff has adequately alleged actual notice.[3]

### b. Constructive Notice

Plaintiff, however, has not adequately alleged constructive notice. It is axiomatic that "a plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior incident." *Spots v. Carnival Corp.*, 711 F. Supp. 1360, 1364 (S.D. Fla. 2024) (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)).

---

[2] To the extent Defendant suggests Plaintiff's alleged notice of the dangerous condition to Defendant rendered the condition open and obvious to Plaintiff, ECF No. [11] at 6, that argument is rejected as the open and obvious nature of the dangerous condition generally should not be decided at the motion to dismiss stage. *See Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1333 (S.D. Fla. 2019); *Green*, 614 F. Supp. at 1264 (finding that determination that condition is not open an obvious is not appropriate at motion to dismiss stage); *Marabella v. NCL (Bahamas), Ltd*, 437 F. Supp. 3d 1221, 1226 (S.D. Fla. 2020).

[3] Because the Court finds that Plaintiff has adequately alleged actual notice based on his complaint to Defendant earlier in the cruise, the Court need not address Plaintiff's alternative basis for actual notice.

Defendant contends that Plaintiff has failed to provide factual support to establish substantially similar instances of slip and falls notwithstanding that Plaintiff's Complaint identifies at least twenty-eight cases or instances of allegedly substantially similar incidents aboard Defendant's ships. ECF No. [10] at 5. Defendant does not necessarily dispute whether the cases Plaintiff references in the Complaint are substantially similar to the instant case; rather, Defendant insists that without a factual description of each case cited, the Court may not conclude that Plaintiff's references are sufficient to establish constructive notice. The Court agrees.

Plaintiff's serial listing of purportedly substantially similar events without any factual support explaining how and why these prior incidents would have put Defendant on constructive notice is insufficient to carry Plaintiff's burden at the motion to dismiss stage. *See Arouza-Pai v. Carnival Corporation,* Case No. 21-CV-23511, 2022 WL 18673999, at *3 (S.D. Fla. Dec. 16, 2022) ("A plaintiff must allege facts to support his allegations of constructive notice and cannot rely on mere generalities or conclusory assertions.").[4] For such allegations to establish constructive notice at this stage of the proceedings, it must be apparent on the face of the Complaint that the circumstances surrounding the prior incidents could at least plausibly be substantially similar to the instant claims. *See id.* at *3 n.3. ("The [Complaint] alleges facts, plausible on their face, that these earlier slip-and-fall accidents on wet surfaces on the Lido deck constructively notified Carnival of the risk that the area where Plaintiff fell was likely to get wet and was slippery when wet."); *Cf. Collins v. Virgin Cruises Intermediate Limited, Inc.*, Case No.: 1:23-cv-24364, 2024 WL 3105884, at *5 (S.D. Fla. June 3, 2024) (acknowledging that even at the motion to dismiss stage, the prior incidents still must be "sufficiently detailed to pass muster"). Without any facts

---

[4] In *Arouza-Pai*, although the complaint contained a list of "prior substantially similar incidents on the Lido Deck of the Pride . . . and its sister ships," the complaint in that case also contained an exhibit providing a factual summary of the incidents, the date, and the name of the ship involved. 2022 WL 18673999 at *4 (citing (ECF Nos. 62 at ¶ 14f.; 62-4).

about the prior instances, the Court in unable to conduct the necessary inquiry to make that determination.

While this Court previously held in *Pride v. Carnival Corp.*, where a "[p]laintiff has provided full names and dates of passengers who also allegedly fell on the same ship,[ ] and on the same deck material," the plaintiff provided sufficient factual detail to establish the constructive notice element at the motion to dismiss stage. As such, that case is distinguishable. Case No. 23-cv-22121, 2023 WL 6907813, at *5 (S.D. Fla. Oct. 19, 2023). In *Pride*, the plaintiff did not simply list cases or incidents without context. Rather, the plaintiff in *Pride* specifically alleged that all fifteen prior incidents involved the same ship and the same material that the plaintiff had slipped on in that case. *See Pride*, 2023 WL 6907813, at *5. Similarly in *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257, 1263-64 (S.D. Fla. 2022), the court found that the cases listed by the plaintiff were sufficient to put the cruise ship operator on notice of the dangerous condition. However, in *Green*, the plaintiff provided prior instances of "passengers suffering injuries due to a slippery surface on the Lido Deck food service areas." With the factual context explaining how and why the cases were substantially similar, the court in *Green* had sufficient information to make a plausibility determination. Although the case law instructs that no particular type of detail, as provided in *Pride* or *Green,* is necessarily required to adequately allege constructive notice based on substantially similar circumstances,[5] *Pride* and *Green* reaffirm that a plaintiff must provide at least some facts supporting construction notice to defeat a motion to dismiss. *See also Spotts*,711 F. Supp. 3d at 1365 (finding allegations were enough to establish substantial similarity for constructive notice

---

[5] As the district court in *Spotts* acknowledged, at the motion to dismiss stage, allegations of substantial similarity would still be sufficient even if the prior incidents were on different areas of the same ship or even on entirely different ships. *See* 711 F. Supp. 3d at 1365 (quoting *Fawcett v. Carnival Corp.*, 682 F. Supp. 3d 1106, 1111 (S.D. Fla. July 10, 2023)). However, even if the substantial similarity requirement is relatively flexible at this stage, Plaintiff must still offer *some* explanation as to how these prior incidents are relevant such that they would put the Defendant on notice of a dangerous condition.

where "Plaintiff's injury occurred on the Lido Deck of the *Magic*," and the "'prior similar incidents' occurred on the Lido Deck of the Magic or a similarly configured vessel"); *Fawcett v. Carnival Corp.*, 682 F. Supp. 1106, 1111 (S.D. Fla. 2023) (same); *Lopez v. Carnival Corp.*, Case No. 22-cv-21308, 2022 WL 4598657, *3 (S.D. Fla. Sept. 30, 2022) (finding sufficient allegation of sufficiently similar prior incidents where Plaintiff alleged the prior injuries involved the same type of "metal nosing on stairs on Defendant's ships.").

Here, although Plaintiff provides case names as well as the dates and the name of the individuals involved in prior incidents, Plaintiff offers *no* facts or descriptive details that would shine a light on whether those incidents are indeed substantially similar to the circumstances in Plaintiff's instant case. Unlike in *Pride*, where the plaintiff alleged that slip and falls occurred on the same ship and on the same deck material, Plaintiff offers no details at all. The Court does not know whether the incidents involved the same ship, the same deck area, the same material, or even if the individuals were injured as a result of a slip and fall. *See Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-CIV, 2019 WL 8895223, at *4 (S.D. Fla. Nov. 15, 2019) (finding insufficient allegations of constructive notice where plaintiff's lists ha[d] no apparent connection to the incident that resulted in [the plaintiff's] injuries. In identifying these other [ ] accidents, [the plaintiff] indicate[d], for each incident, only the date it occurred, which Royal Caribbean ship the excursion [wa]s associated with, and the location of the accidents."). Without more, the Court cannot say that Plaintiff has provided the sufficient facts necessary to establish Defendant's constructive notice at this stage of the proceedings.

Nevertheless, because Plaintiff has adequately alleged actual notice, Defendant's Motion to Dismiss is denied.

Case No. 24-cv-23060-BLOOM/Elfenbein

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion, **ECF No. [8]**, is **DENIED**.

2.  Defendant shall file an Answer to Plaintiff's Complaint no later than **January 30, 2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 16, 2025.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record