## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-cv-23060-BLOOM/Elfenbein

GERALD EDELMAN,

      Plaintiff,

v.

MSC CRUISES, S.A.,

      Defendant.

_____/

### <u>ORDER ON MOTION TO STRIKE</u>

**THIS CAUSE** is before the Court upon Plaintiff Gerald Edelman's Motion to Strike Defendant's Affirmative Defenses ("Motion"), ECF No. [26]. Defendant MSC Cruises, S.A. ("MSC") filed a Response in Opposition ("Response"), ECF No. [29], to which Plaintiff filed a Reply, ECF No. [30]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted in part and denied in part.

### I.  BACKGROUND

Plaintiff filed his Complaint against MSC, alleging that on or about September 8, 2023, Plaintiff was in navigable waters aboard MSC Meraviglia. ECF No. [1] at ¶¶ 7, 9. While walking out of the buffet area of the ship, Plaintiff claims he "slip[ped] on a clear liquid believed to be water." *Id.* at ¶ 10. Unbeknownst to Plaintiff, the area was purportedly "made wet by passengers in wet bathing suits walking over the area [ ] while carrying drinks." *Id.*

As a result of the incident, Plaintiff has asserted claims against MSC for (1) Negligence and (2) Failure to Warn. ECF No. [1]. In response, MSC filed an Answer that included twenty Affirmative Defenses. ECF No. [23].

Plaintiff has now filed the instant Motion seeking to strike Affirmative Defenses Three, Four, Five, Six, Seven, Ten, Eleven, Twelve, Eighteen, and Nineteen because: (1) Affirmative Defense Three is a repetition of Affirmative Defense Two; (2) MSC has provided no factual support or evidence for Affirmative Defenses Four, Five, Six, Seven, and Eleven; (3) Affirmative Defense Seven is an attempt to aver "assumption of risk" defense which is a legal principle not recognized by maritime law; (4) Affirmative Defenses Ten and Twelve seek to apportion fault with non-parties to the action in violation of maritime law; and (5) Affirmative Defenses Eighteen and Nineteen have no bearing on the instant action as both defenses sound in contract and Plaintiff's Complaint only asserts negligence claims. ECF No. [26] at 4-9.

MSC responds that: (1) the pleading standard articulated in *Iqbal* and *Twombly* only applies to Plaintiff's claims as affirmative defenses have a lesser pleading standard; (2) Affirmative Defenses Two and Three allege, respectively, comparative fault and sole proximate cause which are two distinct legal theories and are therefore not redundant; (3) Affirmative Defenses Four, Five, Six, and Eleven are more than mere denials that provide Plaintiff with notice of what potential defenses MSC may raise, but even if they are not affirmative defenses, they should not be stricken and instead treated as specific denials; (4) Affirmative Defense Seven raises an estoppel defense, which is cognizable under maritime law, and does not constitute an impermissible assumption of the risk defense; (5) Affirmative Defense Ten and Twelve do not seek to apportion fault to third parties, but rather seek to challenge the proximate cause of Plaintiff's alleged injuries to break the casual chain; and (6) the contractual provisions referenced in Affirmative Defenses Eighteen and Nineteen have a possible relation to Plaintiff's negligence claim and put Plaintiff on notice that the provisions may be used as a defense if Plaintiff has breached any of them. ECF No. [29] and 3-13.

## II.   LEGAL STANDARD

### A.  Pleading Standard for Affirmative Defenses

An affirmative defense is a defense that "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (citing Royal Palm Sav. Ass'n v. Pine Trace Corp., 716, F. Supp. 1416, 1420 (M.D. Fla. 1989)). District courts in the Eleventh Circuit have been split as to the pleading standard necessary for affirmative defenses. *See FAST SRL v. Direct Connection Travel LLC,* 330 F.R.D. 315, 317 (S.D. Fla. 2018). While some courts have held that affirmative defenses are subject to the heightened pleading standard of Rule 8(a) required by *Twombly* and *Iqbal*, *see, e.g.*, *Torres v. TPUSA, Inc.*, No. 2:08-cv-618-FtM-29DNF, 2009 WL 764466, at *1 (M.D. Fla. Mar. 19, 2009), other courts have concluded that affirmative defenses need only satisfy the "less stringent standards" of Rules 8(b) and 8(c) and thus "need only 'provide fair notice of the nature of the defense and the grounds upon which it rests." *Laferte v. Murphy Painters, Inc.*, No. 17-cv-60376, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) (quoting collecting cases); *see Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 681 (S.D. Fla. 2015). Recent opinions within this district have reinforced that affirmative defenses need not "satisfy the strictures of *Twombly* and *Iqbal*." *Mad Room, LLC v. City of Miami*, No. 21-cv-23485, 2024 WL 2776173, at *1 (S.D. Fla. May 30, 2024). The Court agrees with the "growing number of courts" that the lower pleading standard for affirmative defenses "is faithful both to the letter and the spirit of Rules 8(b) and (c), as revealed through the plain language of Rule 8 and Eleventh Circuit precedent." *Tsavaris*, 310 F.R.D at 682.

Because this Court follows the lower pleading standard requirement set forth in Rules 8(b) and 8(c), an affirmative defense need only provide the opposing party "fair notice of the nature of the defense and the grounds upon which it rests." *Forsythe v. Starboard Yacht Group, LLC*, 345

F.R.D. 544, 548 (S.D. Fla. 2023) (quoting *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F.

Supp. 3d 1187, 1192 (S.D. Fla. 2019)). In other words, an affirmative defense is sufficiently pled

if "a plaintiff has notice that an affirmative defense will be raised at trial." *Hewitt v. Mobile*

*Research Tech., Inc.,* 285 F. App'x. 694, 696 (11th Cir. 2008) (citing *Hassan v. U.S. Postal*

*Service*, 842 F.2d 260, 263 (11th Cir. 1988)).

### B.  Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedures provides that a court "may strike from

a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f). However, "[a] motion to strike will 'usually be denied unless the

allegations have no possible relation to the controversy and may cause prejudice to one of the

parties.'" *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010)

(citing *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000)); *see*

*Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 (S.D.

Fla. Aug. 21, 2007); *U.S. Commodity Futures Trading Comm'n v. Minto, LLC*, Case No. 15–cv–

61960, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016). While courts have "broad discretion in

disposing of motions to strike, [ ] striking defenses from a pleading remains a drastic remedy to be

resorted to only when required for the purposes of justice and only when the stricken material has

no possible relation to the controversy." *Lalusis v. NCL (Bah.) Ltd.*, Case No. 24-cv-21354, 2024

WL 3183238, *1 (S.D. Fla. June 26, 2024) (quoting *FAST SRL v. Direct Connection Travel, LLC*,

330 F.R.D. 315, 317 (S.D. Fla. 2018)). That being said, "affirmative defenses may be stricken if

the defense is 'insufficient as a matter of law.'" *Forsythe*, 345 F.R.D. at 546 (quoting *Microsoft*

*Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). "A defense is

insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or

(2) it is clearly invalid as a matter of law." *Id.*

## III.   DISCUSSION

### A.  Second and Third Affirmative Defenses

MSC's Second Affirmative Defense states:

> [T]he Plaintiff did not exercise ordinary care or caution and failed to keep a proper and sufficient lookout to avoid the events or circumstances which caused his alleged injuries, damages, or losses, if any, the existence of which [ ] MSC specifically denies; and that Plaintiff's own failure to exercise such care was the direct and proximate cause of the injuries, damages and/or losses allegedly sustained by Plaintiff.

ECF. No. [23] at 4-5. In the Third Affirmative Defense, "MSC asserts that the Plaintiff's negligence was the sole, proximate cause of his alleged injuries, if any, which [ ] MSC specifically denies." *Id.* at 5.

Plaintiff argues that the Third Affirmative Defense "mirrors" the Second Affirmative Defense, and therefore, the Third Affirmative Defense should be stricken as redundant. ECF No. [26] at 4. MSC responds that the theory underlying the Second Affirmative Defense is comparative negligence, while proximate cause underlies the Third. ECF. No. [29] at 7. Therefore, because "comparative fault and sole proximate cause are distinct legal theories recognized in maritime law," striking one of the defenses as redundant is improper. *Id.*

The Court finds the Second Affirmative and Third Affirmative Defenses are not redundant as one is a valid affirmative defense while the other is a specific denial. The Court agrees with MSC that the Second Affirmative Defense is a comparative fault defense, a recognized affirmative defense under federal maritime law. *See Rioux v. Carnival Corp.*, Case No. 23-cv-22348, 2023 WL 8111846, at *5 (S.D. Fla. Nov. 22, 2023) ("Comparative negligence is a valid affirmative defense."). Conversely, MSC's Third Affirmative Defense asserts that Plaintiff was the sole proximate cause of the incident. *See* ECF No. [23] at 5. Accordingly, the Third Affirmative Defense "simply points out a defect" in Plaintiff's case and is therefore "a mere denial

masquerading as an affirmative defense." *Snyder v. Royal Caribbean Cruises, Ltd.*, Case No. 1:20-cv-21429-KMM, 2020 WL 13401895, at *2–3 (S.D. Fla. Nov. 11, 2020); *see Bynum v. Carnival Corp.*, Case No. 23-cv-23760, 2024 WL 229545, at *5 (S.D. Fla. Jan. 22, 2024) (explaining that a proximate cause defense is not an affirmative defense); *Coquina Invs. v. Rothstein*, No. 10–60786–Civ., 2011 WL 4971923, at *15 (S.D. Fla. Oct. 19, 2011) ("The absence of proximate cause is not an affirmative defense; rather, it is 'a requirement of plaintiff's cause of action put at issue by a general denial.'") (quoting *Clement v. Rousselle Corp.*, 372 So.2d 1156, 1158 (Fla. 1st DCA 1979)). Because one defense is an affirmative defense while the other is a denial, the two "defenses" do not mirror each other.[1] As such, the Court will not strike the Third Affirmative Defense as redundant. Although the Court has found the Third Affirmative Defense does not constitute a valid affirmative defense, that does not mean the Court must strike it from the Answer. "When a defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it." *Tsavaris v. Pfizer*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) (citing *FDIC v. Bristol Home Mortgage Lending, LLC*, No. 08–81536–CIV, 2009 WL 2488302, at *3 (S.D. Fla. Aug. 13, 2009)). Accordingly, the treats the Third Affirmative Defense as a specific denial and denies Plaintiff's request to strike the defense from MSC's Answer.

### B. Fourth, Fifth, Sixth, and Eleventh Affirmative Defenses

MSC's Fourth Affirmative Defense asserts that "the incident and injuries alleged by the Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from

---

[1] In any event, even if the Court were to accept Plaintiff's argument that the two defenses mirrored each other, "a motion to strike for redundancy ought not to be granted in the absence of a clear showing of prejudice to the movant." *CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, No. 10-20347-CIV, 2010 WL 3368664, at *2 (S.D. Fla. Aug. 23, 2010) (quoting 5C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1382 (3d ed. 2004)). Plaintiff has not shown he will suffer prejudice if the Third Affirmative Defense is not stricken. As such, there is no basis to strike the Third Affirmative Defense as a redundancy.

which [ ] MSC had no duty to protect Plaintiff." ECF. No. [23] at 5. The Fifth Affirmative Defense states that "Plaintiff failed to act timely and reasonably and/or failed to exercise due care in order to minimize or mitigate his alleged damages." *Id.* The Sixth Affirmative Defense asserts that "the damages allegedly suffered by the Plaintiff were not the result of any act or omission on the part of [ ] MSC but were caused by Plaintiff's pre-existing injuries and/or trauma or illness suffered by the plaintiff during his lifetime." *Id.* Lastly, the Eleventh Affirmative Defense asserts "Plaintiff failed to seek timely and/or appropriate medical treatment for the injuries alleged in the Complaint, and that such failure exacerbated any such injuries." *Id.* at 6.

Plaintiff argues these four Affirmative Defenses should be stricken because they are not proper affirmative defenses, "but [rather] denials of the allegations in Plaintiff's Complaint." ECF. No. [26] at 5. Moreover, Plaintiff contends MSC also failed to provide factual support for its contentions regarding the cause of Plaintiff's injuries. *Id.*

MSC maintains that Affirmative Defenses Four, Five, Six, and Eleven are more than mere denials because they provide Plaintiff "with notice of what potential defenses may be raised in this action." ECF. No. [29] at 8. MSC also contends that even if the defenses are mere denials, the proper remedy is not to strike them but to treat them as specific denials. *Id.* (citing *Home Management Solutions*, *Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007)). MSC further argues that all four affirmative defenses are valid under maritime and admiralty law. *Id.* at 8-9.

MSC's four Affirmative Defenses include (1) a superseding or intervening cause defense; (2) a failure to mitigate defense; (3) a pre-existing condition defense; and (4) a failure to timely seek appropriate medical treatment defense. *See* ECF No. [23] at 5-6. Despite Plaintiff's insistence to the contrary, Affirmative Defenses Four, Five, Six, and Eleven are valid affirmative defenses

recognized under federal maritime and admiralty law. *See Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1352 (S.D. Fla. 2020) ("[T]he superseding cause doctrine, which serves to exculpate the defendant from liability entirely, is applicable in admiralty cases"); *Delgado v. Carnival Corp.*, 640 F. Supp. 3d 1286, 1292 (S.D. Fla. 2022) ("[f]ailure to mitigate damages is a valid defense in admiralty cases.") (citing *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1286 (11th Cir. 2000)); *Delgado*, 640 F. Supp. 3d at 1291 ("A defense that a plaintiff's injuries are attributable in whole or in part to a preexisting condition is a legally valid affirmative defense in an admiralty action.") (citing *Melaih v. MSC Cruises, S.A.*, Case No. 20-CV-61341, 2021 WL 3727837, at *6, *report and recommendation adopted*, 2021 WL 3726210 (S.D. Fla. Aug. 23, 2021) (Smith, J.); *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 694 (S.D. Fla. 2020)); *see Deroy v. Carnival Corp.*, Case No. 1:18-cv-20653, 2020 WL 13358611, at *2 (S.D. Fla. Nov. 20, 2020) (concluding that the defendant's defense that "plaintiff failed to seek timely and/or appropriate medical treatment for her alleged injuries, and/or failed to follow the advice of her doctors – which failure exacerbated the alleged injuries" was a valid affirmative defense under maritime and admiralty law).

Not only are Affirmative Defenses Four, Five, Six, and Eleven valid defenses, they also give Plaintiff fair notice of MSC's intended defenses. MSC "is not required to 'set out in detail the facts' upon which the affirmative defense is based; rather, [it] need only set forth a 'short and plain statement' that will give 'fair notice' of the defense and the 'grounds upon which it rests.'" *Birren*, 336 F.R.D. at 697 (quoting *T.G. v. Sears, Roebuck & Co.*, No. 06-61228-CIV, 2006 WL 8432512, at *2 (S.D. Fla. Nov. 20, 2006)). Courts in this district have routinely found that substantially similar allegations provide fair notice of the defendant's intended defenses. *See, e.g.*, *Lebron v. Royal Caribbean Cruises, Ltd.*, Case No.: 16-24687-CIV, 2017 WL 7792720, at *7 (S.D. Fla. Aug.

18, 2017) ("[T]he Defendant asserts that, 'the incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Defendant had no duty to protect the Plaintiff.' [ ] Again, the Plaintiff seeks to strike this defense based upon its assertion that Defendant has failed to specify any factual basis or support for this affirmative defense. . . . [However, t]here is no reason to believe that the Plaintiff will be prejudiced by the development of this defense, if applicable, throughout the course of the litigation. Therefore, the Fifteenth Affirmative Defense should not be stricken.") (internal citations omitted); *Incardone v. Royal Caribbean Cruises, Ltd.*, No. 16-20924-CIV, 2019 WL 2709810, at *10 (S.D. Fla. June 28, 2019), *report and recommendation adopted*, No. 16-20924-CIV, 2019 WL 8989849 (S.D. Fla. Oct. 1, 2019) ("RCCL's seventh affirmative defense is that Plaintiffs have failed to mitigate damages. [ ] This is adequate to put Plaintiffs on notice.") (internal citations omitted); *Birren*, 336 F.R.D. at 694 ("A review of the defense here makes it clear that it raises a question of causation—i.e., whether Plaintiffs' injuries were caused by pre-existing conditions or by Defendant. [ ] '[G]iven the appropriate pleading standard for affirmative defenses, because the Fifth Affirmative [D]efense provides the Plaintiff[s] with fair notice of the defense Defendant intends to raise, e.g., the presence of a pre-existing injury, the Fifth Affirmative Defense should not be stricken.'") (internal citations omitted); *Incardone*, 2019 WL 2709810, at *10 (S.D. Fla. June 28, 2019) ("The sixth affirmative defense contends that Plaintiffs failed to timely seek medical treatment and/or failed to follow the doctors' advice, which either caused or exacerbated the alleged injuries. [ ]. For purposes of notice, this is sufficient to put Plaintiffs on notice.") (internal citations omitted).

Accordingly, because these four Affirmative Defenses are valid under maritime and admiralty law and MSC has provided adequate notice, Plaintiff's Motion to Strike MSC's Fourth, Fifth, Sixth, and Eleventh Affirmative Defenses is denied.

### C.  Seventh Affirmative Defense

MSC's Seventh Affirmative Defense states that "as a result of the conduct, acts or omissions of Plaintiff as asserted in the Second Affirmative Defense above, Plaintiff is estopped from claiming the damages alleged in the Complaint." ECF No. [23] at 6-7.

Plaintiff argues that the Seventh Affirmative Defense goes "beyond comparative negligence" as it avers Plaintiff assumed the risk to such an extent that Plaintiff is estopped from any recovery. ECF No. [26] at 6. Because an assumption of the risk defense that completely bars recovery is impermissible under maritime law, Plaintiff maintains that MSC's Seventh Affirmative Defense must be stricken. *See id.* MSC contends "[e]stoppel is a well-established equitable defense that prevents a party from contradicting prior conduct to gain an unfair advantage." ECF No. [29] at 10. Additionally, Defendant denies that the Affirmative Defense goes to assumption of the risk. *See id.*

An affirmative defense asserting an assumption of risk is cognizable under federal maritime and admiralty law, however, it "'must be applied in conjunction with the established admiralty doctrine of comparative negligence,' to ensure that the assumption of risk defense in admiralty cases 'is not a bar to recovery, but only mitigates damages.'" *Wiegand*, 473 F. Supp. 3d at 1351 (quoting *In re Gozleveli*, No. 12-61458-CV, 2015 WL 3917089, at *4-5 (S.D. Fla. June 25, 2015). Here, MSC's Seventh Affirmative Defense acts as a complete bar as MSC contends that Plaintiff must be completely estopped from seeking any recovery based on Plaintiff's own negligent conduct and assumption of the risk. The defense does not allow for mitigation and is thus impermissible under maritime law. *See In re Gozleveli*, 2015 WL 3917089, at *5 (explaining that assumption of the risk is not a permissible affirmative defense in maritime law when it serves as a complete bar to recovery) (citing *Edward Leasing Corp. v. Uhlig & Assocs., Inc.*, 785 F.2d 877, 886 (11th Cir. 1985)); *cf. Small v. Carnival Corp.*, Case No. 20-21420-Civ, 2020 WL

13401894, at *6 (S.D. Fla. Sept. 4, 2020). Accordingly, MSC's Seventh Affirmative Defense must be stricken.

### D.  Tenth and Twelfth Affirmative Defenses

Defendant's Tenth Affirmative Defense asserts that "any injuries or damages suffered by Plaintiff, if any, were solely caused by the actions and/or omissions of third parties for whom [ ] MSC has no responsibility or liability." ECF No. [23] at 6. MSC's Twelfth Affirmative Defense states:

> [MSC] has no legal responsibility for the damages or injuries alleged by Plaintiff in the Complaint, if any; however, in the event that [ ] MSC is held liable, any liability being specifically denied by [ ] MSC, said liability will be due in whole or in part to the breach of warranty, acts, omissions, activities, failures, recklessness or negligence of other. Accordingly, any recovery by the Plaintiff against MSC should be reduced in proportion to the respective negligence, fault, or responsibility of all other parties, persons, or entities, including their agents, servants, representatives, or employee who contributed to or caused any injury or damages to Plaintiff, if any, in accordance with the law governing comparative fault.

*Id.* at 6-7.

Plaintiff contends that Affirmative Defenses Ten and Twelve constitute impermissible *Fabre* defenses as they attribute fault to third parties, in violation of federal maritime law. ECF No. [26] at 6-8. MSC argues that it does not seek to invoke the *Fabre* defense and that "the purpose of th[ese] affirmative defense[s] is to challenge the proximate causation of Plaintiff's alleged injuries" and produce evidence of the negligence of non-parties being the proximate cause of Plaintiff's alleged injuries. ECF No. [29] at 11. According to MSC, these Affirmative Defenses fall under the superseding cause doctrine which is recognized under maritime law. ECF No. [29] at 11. Plaintiff replies that, although the superseding cause doctrine is recognized under maritime law, "the 'acts and/or omissions of third parties' cannot be averred as a 'superseding cause' . . . ." because maritime law prohibits apportionment of fault to third parties. ECF No. [30] at 3. Plaintiff

additionally states "even if the defense were proper, Defendant has failed, even in its Response, to identify any third parties ostensibly at fault." ECF No. [30] at 3.

The *Fabre* defense is a Florida-law doctrine wherein a defendant's fault is determined by "compar[ing] that party's percentage to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants." *Fabre v. Marin*, 623 So. 2d 1182, 1185 (Fla. 1993). Accordingly, the *Fabre* defense allows a defendant to reduce its liability by attributing fault to a third-party not involved in the case. The *Fabre* Defense, however, is not recognized under federal maritime law. *Barrios v. Carnival Corp.*, No. 19-20534-CIV, 2019 WL 1876792, at *3 (S.D. Fla. Apr. 26, 2019).

Both Affirmative Ten and Twelve constitute impermissible *Fabre* defenses that must be stricken. The Tenth Affirmative Defense asserts that MSC's liability should be reduced because of the "actions and/or omissions of third parties" and the Twelfth Affirmative Defense asserts that "any recovery [by Plaintiff from MSC] should be reduced in proportion to the respective negligence, fault or responsibility of all other parties, persons, or entities . . . in accordance with the law governing comparative fault." Both of these defenses plainly seek to reduce MSC's liability by apportioning fault to a third-party. As the court found in *Melaih*, "these defenses are not legally cognizable" under federal maritime law and as such, the Tenth and Twelfth Affirmative Defenses must be stricken. 2021 WL 3727837 at *7; *see Barrios*, 2019 WL 1876792, at *3.[2]

---

[2] To the extent MSC contends these Affirmative Defenses are merely intended to challenge proximate cause or assert a superseding cause, the Court is not persuaded that is an adequate basis to avoid striking the Tenth and Twelfth Affirmative Defenses. Not only do those Affirmative Defenses expressly attempt to reduce liability by considering the proportionate fault of third parties, but MSC has already specifically raised proximate cause and superseding cause defenses in its Third and Fourth Affirmative Defenses. *See* ECF No. [23] at 5. Therefore, to the extent that MSC contends the Tenth and Twelfth Affirmative Defenses support a defense of proximate or superseding cause, they are redundant and serve no useful purpose. Since there is no benefit and only a risk that the parties might address impermissible *Fabre* issues were the Court to preserve those Defenses, the Court finds it appropriate to strike MSC's Tenth and Twelfth Affirmative Defenses.

### E.  Eighteenth and Nineteenth Affirmative Defenses

MSC's Eighteenth Affirmative Defense states, "that this action is governed by, and subject to, the terms, limitations, and conditions contained within the contract for passages, and [ ] MSC adopts and incorporates same in its entirety into its answer by reference." ECF No. [23] at 7-8.

In the Nineteenth Affirmative Defense, "MSC asserts that as set forth in the Passenger Ticket Contract, because Plaintiff's claims are governed by admiralty/maritime law and/or this court's admiralty jurisdiction, Plaintiff has no right to a jury trial and all disputes are to be tried without a jury." *Id*.

Plaintiff asserts "[no] portion of Plaintiff's Complaint sounds in contract. To the contrary, Plaintiff's Complaint is premised solely on negligence." ECF No. [26] at 9. As such, the affirmative defenses should be stricken "as an invalid contractual waiver of liability." ECF No. [26] at 9. MSC argues that the ticket provisions have a possible relation to the claims in this case and that it "has the right to assert contractual defenses as long as they do not directly limit liability for negligence, making striking them inappropriate for this stage." ECF No. [29] at 13. MSC adds that it raises Affirmative Defenses Eighteen and Nineteen to put Plaintiff on notice that the Ticket Contract could be used as a defense if Plaintiff breached any of its provisions and that discovery may bring about additional facts making the Ticket Contract and its clauses relevant. ECF No. [29] at 13. Plaintiff replies that the only terms within the Ticket Contract that have a possible relation to the claims before this Court are the forum clause, time-bar clause, and notice clause, and none of those clauses have any bearing on this action. ECF No. [30] at 4.

The law is clear that a waiver or limitation of liability for negligence in a cruise ship action is impermissible and shall be considered void. *Johnson v. Royal Caribbean Cruises, Ltd.*, 499 F. App'x 846, 848-49 (11th Cir. 2011) (citing 46 U.S.C. § 30509(a)(2)). While other provisions

within the Ticket Contract, such as the forum selection clause, time-bar clause, and notice clause are enforceable, there is no provision that would negate negligence and therefore support an affirmative defense. *Baez v. MSC Cruises, S.A., No. 1:20-cv-22732, 2022 WL 22883192*, at *7-8 (S.D. Fla. June 20, 2022) (explaining that although provisions such as venue are enforceable, the Ticket Contract could not serve as the basis for an affirmative defense to plaintiff's negligence claim). *Barrios*, 2019 WL 1876792, at *2 (stating that "[l]imitations of liability in cruise-ship tickets are not enforceable against negligence claims" and that procedural provisions are irrelevant to defendant's liability rendering them unable to be used as an affirmative defense) (citing *Iskandar v. Royal Caribbean Cruises, Ltd.*, No. 18-cv-23812-UU, 2018 WL 7463362, at *2 (S.D. Fla. Nov. 20, 2018) (additional level of citation omitted); *Gulley v. Royal Caribbean Cruises, Ltd.*, No. 20-cv-25269, 2022 WL 2341015, at *5 (S.D. Fla. Feb. 11, 2022) (same).

This Court, as well as other courts in this district, have stricken affirmative defenses virtually identical to Affirmative Defense Eighteen on the ground that the defense was expressly barred by statute, given that the defense attempts to limit or waive liability by way of contract. *See Rioux*, 2023 WL 8111846, at *5; *Barrios*, 2019 WL 1876792, at *3; *Birren*, 336 F.R.D. at 693-94; *Soroka v. MSC Cruises, S.A.*, Case No. 20-CV-20118-DLG, 2020 WL 13401893, at *4 (S.D. Fla. July 15, 2020). Because the Court finds no reason to deviate from those decisions, MSC's Eighteenth Affirmative Defense is stricken.

The Nineteenth Affirmative Defense is technically neither a denial nor an affirmative defense. MSC merely contends that the Ticket Contract reaffirms that Plaintiff's claims are governed by admiralty and maritime law, and therefore, Plaintiff's claims may not be litigated in a trial by jury. The supposed defense neither attempts to limit liability nor challenge the validity of Plaintiff's *prima facie* case. Nevertheless, the Court does not find it appropriate to strike the

Case No. 24-cv-23060-BLOOM/Elfenbein

Nineteenth Affirmative Defense as it simply puts Plaintiff on notice of MSC's argument that Plaintiff is not entitled to a jury trial. *See Soroka v. MSC Cruises, S.A.*, Case No. 20-CV-20118, 2020 WL 13401893, at *4 (S.D. Fla. July 15, 2020) (rejecting request to strike identical affirmative defense). Therefore, Plaintiff's Motion to Strike the Nineteenth Affirmative Defense is denied.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion, **ECF No. [26]**, is **GRANTED in part and DENIED in part** as follows:

2. MSC's Seventh, Tenth, Twelfth, and Eighteenth Affirmative Defenses are **STRICKEN.**

3. The remaining Affirmative Defenses and denials shall remain.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 28, 2025.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record